McNALLY & ASSOCIATES, L.L.C.
93 Main Street
Newton, New Jersey 07860
(973) 300-4260
Attorneys for Richard K. Birmingham

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
In re:                                                  :
                                                     Chapter 7 Case No. 05-37691 (KCF)

RICHARD K. BIRMINGHAM,                                  :

       Debtor.                                          :
---------------------------------------------------------x

# CERTIFICATION OF RICHARD K. BIRMINGHAM IN SUPPORT OF MOTION FOR RELEASE OF UNCLAIMED SURPLUS FUNDS

Richard K. Birmingham hereby certifies as follows:

1. I am Richard K. Birmingham, the above-captioned debtor (the "Debtor"). I filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") on August 29, 2005 (the "Filing Date").

2. On September 1, 2005, Barry Frost was appointed as the Chapter 7 Trustee (the "Trustee").

3. At the Filing Date, my assets included non-exempt equity in a certain receivable from the sale of a business I formerly owned.

4. The Trustee asserted control over the receivable, and collected the stream of payments due for the sale of the business. In the aggregate, this stream of payments was more than sufficient to pay the expenses of administration and a dividend of 100% to my creditors.

The Trustee generated an excess of $17,600.93 which he has deposited with the Clerk of this Court.

5. Attached hereto as Exhibit "A" is the Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation (the "Final Report"). The Final Report indicates that the Trustee collected or earned Net Estate Proceeds of $37,462.70. As set forth in the Distribution Summary Sheet (p. 10), After disbursement of Chapter 7 administrative expenses ($9,993.87), claims ($8,839.87) and post-petition interest on claims ($1,028.93), the Trustee retained the sum of $17,600.93 in surplus funds (the "Surplus Funds").

6. Based upon the Final Report, no distributions to creditors with allowed claims were returned unclaimed to the Trustee. The Chapter 7 estate is fully administered.

7. According to the Final Report, the Surplus Funds should be disbursed to the Debtor, as no other party possesses an interest in the Surplus Funds.

8. Attached hereto as Exhibit "B" is a copy of the Notice of Depositing Unclaimed Funds Pursuant to D.N.J. L.B.R. 7067-1 (the "Notice of Unclaimed Funds"). The Notice of Unclaimed Funds lists only the Debtor's interest in these Surplus Funds. The Notice of Unclaimed Funds appears to have an error in that the Trustee indicates that he will immediately forward a check to the Bankruptcy Clerk in the amount of $5,712.54, even though the Surplus Funds pursuant to the Final Report totaled $17,600.93. This amount also matches the amount recited in the payee name and address box on the Notice of Unclaimed Funds. The Debtor assumes that the Surplus Funds are the $17,600.93 indicated in this address box and the Final Report.

9. Once the Surplus Funds were sent to the Clerk of the Court, they were deposited with the Treasurer of the United States and became subject to the jurisdiction of 28 U.S.C. § 2041 which provides in pertinent part:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

Unclaimed funds deposited with the Treasurer of the United States remain so deposited until claimed. The Trustee is required to file with the clerk of the court a list of all known names and addresses of the entities and the amounts which they may be entitled to claim from the money that is deposited pursuant to Section 347. Fed.R.Bankr.P. 3011. Unclaimed funds that have been deposited in the court for five years shall escheat to the United States pursuant to 28 U.S.C. § 2042. No money paid into the court shall be withdrawn except by court order. An entity entitled to any money deposited with the court may, on petition to the court, and "full proof of the right thereto," obtain an order directing payment of said money. 28 U.S.C. § 2042; see, also, In re Gill, 2008 WL 3925261 (Bkrtcy.E.D.Cal.); In re Percolla, 2008 WL 1969584 (Bkrtcy.E.D.Cal.).

10. As set forth in the Final Report, no party other than the Debtor has an interest in the Surplus Funds. As such, the Debtor is the party with "full proof of the right thereto" in accordance with 28 U.S.C. § 2042. The Debtor requests that the Clerk of the Court issue a check payable to the Debtor in the amount of $17,600.93.

11. Based upon the foregoing, we respectfully request that the Court enter an Order (i) requiring the Clerk of the Bankruptcy Court to issue a check in the amount of $17,600.93 payable to the Debtor and transmitted to the Debtor's undersigned counsel; and (ii) granting such other and further relief as the Court deems just and proper.

I certify that the foregoing is true and correct to the best of my knowledge. I understand that if the foregoing is wilfully false, I am subject to punishment.

Dated: June 2, 2009

    /s/ Richard K. Birmingham
    RICHARD K. BIRMINGHAM